UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard Bondeson,

Plaintiff,

v.

Fischer & Krecke, GmbH,

Defendant.

Civil: 00-1602 JRT/FLN

**REPORT AND RECOMMENDATION**

---

JAMES J. BOYD, Esq., for Plaintiff.
LOUISE A. BEHRENDT, Esq., for Defendant.

---

**THIS MATTER** came for a hearing before the undersigned United States Magistrate on February 2, 2001, on Defendant Fischer & Krecke, GmbH's Motion to Dismiss for Failure to Properly Effect Service of Process [# 10].

## I. FACTUAL BACKGROUND

Defendant Fischer & Krecke, GmbH ("Defendant") is in the business of designing, manufacturing and selling printing presses. (See Pl.'s Mem. in Opp'n to Fischer & Krecke, GmbH's Motion to Dismiss at 1 ("Pl.'s Opp. Mem.")). The company is a German corporation, organized, operating and existing under the laws of Germany. (See Pl.'s Opp. Mem. at 1). Defendant provided an eight-color industrial printing press to Hood Flexible Packaging, f/k/a Stone Container Corporation, located in Roseville, Minnesota. (See Def.'s Mem. in Supp. of

FEB 20 2001
DOSAL, CLERK

Motion to Dismiss at 2 ("Def.'s Supp. Mem.")). On July 23, 1996, Plaintiff Richard Bondeson ("Bondeson"), a Minnesota resident, severely injured his lower back while working on the industrial printing press designed and manufactured by the Defendant. (See Pl.'s Opp. mem. at 1). The accident occurred when a 400 pound access steel door on one side of the press fell on Bondeson after one of the top hinges broke. (Id.).

Bondeson filed the instant suit asserting claims against Defendant for strict liability, negligence and breach of implied warranties. (Def.'s Supp. Mem. at 2). On or about July 6, 2000, Bondeson attempted to commence his cause of action against Defendant by service of a Summons and Complaint through the Minnesota Secretary of State pursuant to Minn. Stat. § 5.25 (2000). (Id.). The Minnesota Secretary of State in turn mailed an English-language copy of the Summons and Complaint to the Defendant in Germany, which was received on or about July 19, 2000. (Id.). Bondeson has made no other attempts at service.

Defendant has moved to dismiss Bondeson's action for insufficient service of process. The Defendant argues that service was ineffective because it was not made in compliance with the procedures set forth in the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1956 ("Hague Convention"), 20 U.S.T. 361, T.I.A.A. No 6638.

## II. CONCLUSIONS OF LAW

Article 1 of the Hague Convention provides that the Convention applies in all cases "where there is occasion to transmit a judicial or extrajudicial document for service abroad." If the Hague Convention is applicable, its provisions preempt inconsistent methods of service prescribed by state law. See Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699

(1988). However, if a foreign defendant can be served under state law without transmitting documents abroad, the Hague Convention is inapplicable. Id. at 707. In Schlunk, service on a foreign corporation's domestic subsidiary was sufficient under Illinois law to confer jurisdiction over the foreign defendant and because Illinois law did not require service abroad, the Supreme Court concluded that the Hague Convention was inapplicable.[1] Id.

Bondeson contends that service through the Minnesota Secretary of State was proper pursuant to § 5.25 subd. 4(b) of the Minnesota long-arm statute, thus, the Hague Convention is inapplicable. In relevant part, Minn. Stat. § 5.25 subd. 4(b) provides that:

> A foreign corporation is considered to be doing business in Minnesota if it . . . commits a tort in whole or in part in Minnesota against a Minnesota resident. These acts are considered to be equivalent to the appointment by the foreign corporation of the secretary of state of Minnesota and successors to be its true and lawful attorney upon whom may be served all lawful process in actions or proceedings against the foreign corporation arising from or growing out of the . . . tort. One copy of the process must be served on the secretary of state, together with the address to which service is to be sent. . .. The making of the contract or the committing of the tort is considered to be the agreement of the foreign corporation that any process against it which is so served upon the secretary of state has the same legal force and effect as if served personally on it within the state of Minnesota.

However, Minn. Stat. § 5.25 subd. 6 also provides that if service is made pursuant to Minn. Stat. § 5.25 subd. 4(b), a copy of the process and notice of service must immediately be forwarded, via certified mail, to the business entity.

As noted above, the Hague Convention applies in all cases "where there is occasion to

---

[1] Bondeson previously filed a different complaint against a New Jersey entity called Fischer & Krecke, Inc. Earlier this year, Fischer & Krecke, Inc.'s motion for summary judgement was granted. See Bondeson v. Fischer & Krecke, Inc., Civ. File. No. 98-2426 DWF/AJB (June 19, 2000). This Court expresses no opinion on whether service on Fischer & Krecke, Inc., of the instant complaint against the German defendant would be effective under Minnesota law so as to avoid compliance with the Hague convention.

transmit a judicial or extrajudicial document for service abroad." In Schlunk, the Supreme Court defined "service" as used in the Convention as referring to "a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action." Id. at 486 U.S. at 700. The sufficiency of the delivery is measured by the law of the forum state. Id. Accordingly, it is apparent that the mailing required by Minn. Stat. § 5.25 subd. 6 is an integral part of the "service" authorized by Minn. Stat. § 5.25 subd. 4 and as defined by the Court in Schlunk.

Because the Defendant in this case could be properly served under Minnesota law only by transmitting judicial documents to the Defendant abroad, the Hague Convention is applicable. Bondeson's compliance with the Minnesota long-arm statute is immaterial because compliance with the long-arm statute in this case required the transmittal of judicial documents abroad, thus triggering the requirements of the Hague Convention and preempting any inconsistent state procedure. See Sheets v. Yamaha Motors Corp., 891 F.2d 533 (5th Cir.1990). Thus, the state requirement that a copy of the process be mailed to the foreign corporation's business address is preempted by the Convention's requirements that process and a request for service be forwarded to the central authority in the Defendant's home country. Therefore, by sending a copy of the process directly to the Defendant via the Minnesota Secretary of State, Bondeson did not comply with the Hague Convention, and his attempted service is ineffective. See Teknekron Management, Inc., v. Quante Fernmeldetechnik, GmbH, 115 F. R.D. 175 (D. Nev,. 1987); Photolab Corp. v. Simplex Specialty Co., 806 F.2d 807 (8th Cir. 1986); Harris v. Browning-Ferris Indus. Chem. Services, Inc., 100 F.R.D. 75 (M.D. La. 1984). Accordingly, this Court believes that Defendant's Motion to Dismiss for Failure to Properly Effect Service of Process must be granted.

## III. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss for Failure to Properly Effect Service of Process [#10] should be **GRANTED without prejudice**.

Dated: February 16, 2001

Franklin L. Noel
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service of the objections. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.